UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DCCC,

                                        Plaintiff,

            -against-                                        CASE NO: 22-CV-1029 (RA)

PETER S. KOSINSKI, in his official capacity                 **ANSWER**
as Co-Chair of the State Board of Elections;
DOUGLAS A. KELLNER, in his official
capacity as Co-Chair of the State Board of
Elections; ANDREW J. SPANO, in his
official capacity as Commissioner of the State
Board of Elections; ANTHONY J. CASALE,
in his official capacity as Commissioner of
the State Board of Elections; TODD D.
VALENTINE, in his official capacity as
Co-Executive Director of the State Board of
Elections; and KRISTEN ZEBROWSKI
STAVISKY, in her official capacity as Co-
Executive Director of the State Board of
Elections,

                                        Defendants.

---

        Defendants PETER S. KOSINSKI, in his official capacity as Co-Chair of the State Board

of Elections; DOUGLAS A. KELLNER, in his official capacity as Co-Chair of the State Board

of Elections; ANDREW J. SPANO, in his official capacity as Commissioner of the State

of Elections; ANTHONY J. CASALE, in his official capacity as Commissioner of the State

Board of Elections; TODD D. VALENTINE, in his official capacity as Co-Executive Director of

the State Board of Elections; and KRISTEN ZEBROWSKI STAVISKY, in her official capacity

as Co-Executive Director of the State Board of Elections, (collectively, "Defendants") by their

attorney, LETITIA JAMES, Attorney General of the State of New York, as and for their Answer,

respond to the Complaint dated February 4, 2022 [Dkt. 1] (the "Complaint"), as follows:

        1.      With respect to the allegations contained in the first, second and third sentences of

paragraph 1 and Footnote 1, respectfully refer the Court to the New York State Senate Elections Committee Report referred to therein as the best evidence of its contents and meaning and deny to the extent inconsistent therewith. With respect to the allegations contained in the fourth sentence of paragraph 1, no response is required as they constitute Plaintiff's characterization of its Complaint and claims for relief; to the extent a response is required, deny.

2.      With respect to the allegations contained in paragraph 2, respectfully refer the Court to the cases cited therein (*Goldberg v. Kelly*, 397 U.S. 254, 262 (1970); *Martin v. Kemp*, 341 F. Supp. 3d 1326, 1338 (N.D. Ga. 2018); *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77 (2d Cir. 2005); *Hoblock v Albany Cnty. Bd. of Elections*, 487 F. Supp. 2d 90, 98 (N.D.N.Y. 2006); *Gallagher v. N.Y. State Bd. Of Elections*, 477 F. Supp. 3d 19, 42–49 (S.D.N.Y. 2020); *N.E. Ohio Coal. for Homeless v. Husted*, 696 F.3d 580, 597 (6th Cir. 2012) and *Griffin v. Burns*, 570 F.2d 1065 (1st Cir. 1978)) as the best evidence of their contents and meaning and deny to the extent inconsistent therewith.

3.      Deny the allegations contained in Paragraph 3.

4.      With respect to the allegations contained in Paragraph 4: deny the allegations contained in the first sentence; with respect to the second sentence, respectfully refer the Court to Election Law § 8-302(3)(e) as the best evidence of its contents and meaning and deny to the extent inconsistent therewith; and with respect to the allegations contained in the third, fourth and fifth sentences, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

5.      With respect to the allegations contained in Paragraph 5: deny the allegations contained in the first sentence; with respect to the second sentence, respectfully refer the Court to Election Law § 9-209(7)(d) as the best evidence of its contents and meaning and deny to the

extent inconsistent therewith; and with respect to the third sentence, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

6. With respect to the allegations contained in Paragraph 6: deny the first and second sentences; and with respect to the third sentence, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

7. With respect to the allegations contained in Paragraph 7: deny the first sentence; with respect to the second, third and fourth sentences, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein; and with respect to the fifth sentence, refer the Court to Election Law § 9-209(3) as the best evidence of its contents and meaning and deny to the extent inconsistent therewith.

8. With respect to the allegations contained in Paragraph 8: deny the first sentence; with respect to the second, third and fourth sentences, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

9. With respect to the allegations contained in Paragraph 9: with respect to the first and second sentences, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein; with respect to the third sentence, respectfully refer the Court to the New York State Senate Elections Committee Report ("Senate Report") referred to therein as the best evidence of its contents and meaning and deny to the extent inconsistent therewith; and with respect to the fourth sentence, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

10. With respect to the allegations contained in Paragraph 10: the first sentence contains argument to which no response is required, and to the extent a response is required,

deny; with respect to the second sentence, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein; with respect to the third and fourth sentences and Footnote 2, respectfully refer the Court to the Senate Report as the best evidence of its contents and meaning and deny to the extent inconsistent therewith.

11.     With respect to the allegations contained in Paragraph 11, deny the first sentence; the second and third sentences contain argument to which no response is required, and to the extent a response is required, deny, and respectfully refer the Court to the decisions in *Gallagher v. N.Y. State Bd. Of Elections*, 477 F. Supp. 3d 19–49 (S.D.N.Y. 2020) and *Jones v. United States Postal Serv.*, 488 F. Supp. 3d 103, 134 (S.D.N.Y. 2020) as the best evidence of their contents and meaning and deny to the extent inconsistent therewith; and deny the fourth sentence.

12.     Paragraph 12 contains Plaintiff's characterization of this action and the relief it claims to which no response is required, and to the extent a response is required, deny.

13.     Paragraphs 13, 14, 15 and 16 contain Plaintiff's characterization of jurisdiction and venue for this action to which no response is required; to the extent a response is required, deny.

14.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraphs 17, 18, 19 and 20.

15.     With respect to the allegations contained in Paragraph 21, admit that defendants Kosinski and Kellner are Co-Chairs of the State Board of Elections, defendants Spano and Casale are Commissioners of the State Board of Elections and defendants Valentine and Zebrowski Stavisky are Co-Executive Directors of the State Board of Elections, and with respect to the remaining allegations contained in Paragraph 21, respectfully refer the Court to the recited

4

statutes (Election Law Sections 3-100(2), 3-102, 3-107, 3-412(5) and 9-209) and case law (*Gallagher v. N.Y. State Bd. Of Elections*, 477 F. Supp. 3d 19, 36-37 (S.D.N.Y. 2020)) as the best evidence of their contents and meaning, and deny to the extent inconsistent therewith.

16.     Deny the allegations contained in Paragraph 22.

17.     With respect to the allegations contained in Paragraph 23, respectfully refer the Court to the Senate Report as the best evidence of its contents and meaning, and deny to the extent inconsistent therewith.

18.     Deny the allegations contained in Paragraph 24.

19.     The allegations contained in Paragraph 25 contain argument to which no response is required; to the extent a response is required, deny.

20.     With respect to the allegations contained in Paragraphs 26 and 27, respectfully refer the Court to Election Law Sections 8-302(1), 8-302(3)(e)(ii) and 8-302(3)(e) as the best evidence of their contents and meaning and deny to the extent inconsistent therewith.

21.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 28.

22.     With respect to the allegations contained in Paragraph 29: deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence; with respect to the second sentence and Footnote 3, respectfully refer the Court to the recited statute (Election Law Section 9-209(7)(c)) and case law (*Tenney v. Oswego Cnty. Bd. of Elections*, 71 Misc. 3d 400, 408 (N.Y. Sup. Ct. 2021) and *Matter of Panio v. Sunderland*, 4 N.Y. 3d 123 (2005)) as the best evidence of their contents and meaning and deny to the extent inconsistent therewith.

23.     With respect to the allegations contained in Paragraph 30: the first sentence contains argument to which no response is required and to the extent a response is required, deny; with respect to the second sentence and in Footnote 4, respectfully refer the Court to the recited report (Rachel Landy and Jarret Berg, *Impact of New York's 'Wrong Church' Ballot Disqualification Rule in the 2020 Election*, VoteEarlyNY (May 20, 2021), https://www.voteearlyny.org/reports/.statute, "VoteEarlyNY Report") as the best evidence of its contents and meaning and deny to the extent inconsistent therewith.

24.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 31.

25.     With respect to the allegations contained in Paragraph 32, respectfully refer the Court to the recited statutes (Election Law Sections 8-302(3-c) [erroneously cited as Section 802(3-c)] and 9-212(4)) as the best evidence of their contents and meaning and deny to the extent inconsistent therewith.

26.     With respect to the allegations contained in Paragraph 33: the first sentence contains argument to which no response is required and to the extent a response is required, deny; with respect to the second sentence, respectfully refer the Court to Election Law Section 9-209(7)(d) as the best evidence of its contents and meaning and deny to the extent inconsistent therewith; and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the third and fourth sentences.

27.     With respect to the allegations contained in Paragraph 34: deny the first sentence; deny knowledge or information and belief sufficient to form a belief as to the truth or falsity of the allegations contained in the second, third and fourth sentences; with respect to Footnote 5,

respectfully refer the Court to the VoteEarlyNY Report as the best evidence of its contents and meaning and deny to the extent inconsistent therewith.

28.     With respect to the allegations contained in Paragraph 35: deny the first sentence; deny knowledge or information and belief sufficient to form a belief as to the truth or falsity of the allegations contained in the second, third, fourth and fifth sentences.

29.     Deny knowledge or information and belief sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 36 and in Footnote 6.

30.     Deny the allegations contained in Paragraph 37.

31.     With respect to the allegations contained in Paragraph 38, respectfully refer the Court to the New York State Senate Report as the best evidence of its contents and meaning and deny to the extent inconsistent therewith.

32.     With respect to the allegations contained in Paragraph 39, respectfully refer the Court to Election Law Sections 8-410 and 8-412 as the best evidence of their contents and meaning and deny to the extent inconsistent therewith.

33.     Deny knowledge or information and belief sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 40.

34.     Deny knowledge or information and belief sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 41.

35.     With respect to the allegations contained in Paragraph 42: with respect to the first sentence, admit that the quoted language appeared on the State Board of Elections website on the date stated and deny that it implies that a voter can return their ballot to a County Board of Elections or polling place outside of their home county; and with respect to the second sentence and Footnote 7, respectfully refer the Court to the Senate Report and to the relevant Governor's

Executive Order referred to therein as the best evidence of their contents and meaning and deny to the extent inconsistent therewith.

36. With respect to the allegations contained in Paragraph 43 and Footnote 8, respectfully refer the Court to the record of the proceedings of the legislature referred to therein as the best evidence of its contents and meaning and deny to the extent inconsistent therewith.

37. The allegations contained in Paragraph 44 contain argument to which no response is required, and to the extent a response is required, deny.

38. Deny knowledge or information and belief sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 45.

39. With respect to the allegations contained in Paragraph 46: deny knowledge or information and belief sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence; with respect to the second, third and fourth sentences, respectfully refer the Court to the Senate Report as the best evidence of its contents and meaning and deny to the extent inconsistent therewith.

40. Deny knowledge or information and belief sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 47 and respectfully refer the Court to Election Law Section 8-412(1) as the best evidence of its contents and meaning and deny to the extent inconsistent therewith.

41. With respect to the allegations contained in Paragraphs 48 and 49, respectfully refer the Court to the record and decision in *Tenney v. Oswego Cnty. Bd. of Elections*, 71 Misc. 3d 400, 412 (N.Y. Sup. Ct. 2021) as the best evidence of its contents and meaning and deny to the extent inconsistent therewith.

42. With respect to the allegations contained in Paragraph 50: with respect to the first

sentence, respectfully refer the Court to the record and decision in *Tenney v. Oswego Cnty. Bd. of Elections*, 71 Misc. 3d 400, 412 (N.Y. Sup. Ct. 2021) as the best evidence of its contents and meaning and deny to the extent inconsistent therewith; the allegations contained in the second sentence contain argument to which no response is required, and to the extent a response is required, deny, and respectfully refer the Court to the Senate Report as the best evidence of its contents and meaning and deny to the extent inconsistent therewith.

43.     With respect to the allegations contained in Paragraph 51: with respect to the first sentence, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein; with respect to the second sentence, respectfully refer the Court to the record and proceedings of the U.S. Election Assistance Commission referred to therein as the best evidence of its contents and meaning and deny to the extent inconsistent therewith.

44.     The allegations contained in Paragraphs 52 and 53 contain argument to which no response is required, and to the extent a response is required, deny.

45.     Deny knowledge or information and belief sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 54.

46.     The allegations in Paragraph 55 contain argument to which no response is required; to the extent a response is required, deny.

47.     With respect to the allegations contained in Paragraph 56, respectfully refer the Court to the directives of the U.S. Postmaster General and the letters of the General Counsel of the U.S. Postal Service referred to therein as the best evidence of their contents and meaning and deny to the extent inconsistent therewith.

48.     With respect to the allegations contained in Paragraph 57, respectfully refer the Court to the record of proceedings and decisions in *New York v. Trump*, 1:20-cv-02340 (D.D.C.),

referred to therein as the best evidence of their contents and meaning and deny to the extent inconsistent therewith.

49. With respect to the allegations contained in Paragraph 58, respectfully refer the Court to the record of the U.S. Postal Service leadership announcements referred to therein as the best evidence of their contents and meaning and deny to the extent inconsistent therewith.

50. With respect to the allegations contained in Paragraph 59, respectfully refer the Court to the Attorney General's Press Release referred to therein as the best evidence of its contents and meaning and deny to the extent inconsistent therewith.

51. With respect to the allegations contained in Paragraph 60, respectfully refer the Court to the news report referred to therein as the best evidence of its contents and meaning and deny to the extent inconsistent therewith.

52. The allegations contained in Paragraphs 61 and 62 contain argument to which no response is required; to the extent a response is required, deny.

53. With respect to the allegations contained in Paragraph 63: with respect to the first sentence, respectfully refer the Court to Election Law § 8-412(1) as the best evidence of its contents and meaning and deny to the extent inconsistent therewith; with respect to the second sentence, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

54. With respect to the allegations contained in Paragraph 64: respectfully refer the Court to the Senate Report as the best evidence of its contents and meaning and deny to the extent inconsistent therewith.

55. With respect to the allegations contained in Paragraph 65 and Footnote 9, respectfully refer the Court to the record of proceedings and decisions in *Gallagher v. New York*

*State Board of Elections* referred to therein as the best evidence of their contents and meaning and deny to the extent inconsistent therewith.

56.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraphs 66 and 67.

57.     With respect to the allegations contained in Paragraph 68: deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence; with respect to the allegations contained in the second sentence and Footnote 10, respectfully refer the Court to the statutes referred to therein (Election Law Section 8-400(1), 2020 Sess. Laws of N.Y. Ch. 139 (S. 8015-D) and S7565, 2021 Leg. (N.Y. 2021)) as the best evidence of their contents and meaning and deny to the extent inconsistent therewith.

58.      Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 69.

59.     With respect to the allegations contained in Paragraph 70, respectfully refer the Court to the Senate Report as the best evidence of its contents and meaning and deny to the extent inconsistent therewith; and with respect to Footnote 11, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

60.     Deny the allegations contained in Paragraph 71, and with respect to Footnote 12, respectfully refer the Court to Election Law Sections 7-122 and 8-410 as the best evidence of their contents and meaning and deny to the extent inconsistent therewith.

61.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraphs 72 and 73.

62.     With respect to the allegations contained in Paragraph 74: deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the

first sentence; with respect to the second sentence, respectfully refer the Court to the Senate Report as the best evidence of its contents and meaning and deny to the extent inconsistent therewith.

63.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 75.

64.     With respect to the allegations contained in Paragraph 76 respectfully refer the Court to the record of proceedings of the *League of Women Voters v. Kosinski* case referred to therein as the best evidence of its contents and meaning and deny to the extent inconsistent therewith.

65.     With respect to the allegations contained in Paragraphs 77 and 78, respectfully refer the Court to the statutes referred to therein (2020 Sess. Laws of N.Y. Chs. 139 (S. 8015-D), 141 (S. 8370-B)) as the best evidence of their contents and meaning and deny to the extent inconsistent therewith.

66.     With respect to the allegations contained in Paragraph 79, respectfully refer the Court to the statutes referred to therein (2021 Sess. Law News of N.Y. Ch.763 (S. 1027-A); N.Y. Elec. Law § 9-209(3)) as the best evidence of their contents and meaning and deny to the extent inconsistent therewith, and with respect to the allegations contained in Footnote 13, respectfully refer the Court to the State Board implementing regulations, the stipulated consent order in the *League of Women Voters* litigation and the N.Y. State Bd. of Elections, "Notice and Cure Process," referred to therein as the best evidence of their contents and meaning and deny to the extent inconsistent therewith.

67.     With respect to the allegations contained in Paragraphs 80 and 81, respectfully refer the Court to Election Law Section 9-209(3), subsections (c), (d) and (e) as the best evidence of its contents and meaning and deny to the extent inconsistent therewith.

68.     With respect to the allegations contained in Paragraph 82 and Footnote 14, respectfully refer the Court to the statute referred to therein (the "Notice and Cure Law," Election Law Section 9-209(3)(g)) as the best evidence of its contents and meaning and deny to the extent inconsistent therewith.

69.     With respect to the allegations contained in Paragraph 83, respectfully refer the Court to Election Law Section 9-209(7)(f) as the best evidence of its contents and meaning and deny to the extent inconsistent therewith.

70.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 84.

71.     With respect to the allegations contained in Paragraph 85, respectfully refer the Court to the record and decision in the case of *Tenney v. Oswego Cnty. Bd. of Elections*, 70 Misc. 3d 680, 688 (N.Y. Sup. Ct. 2020) as the best evidence of its contents and meaning and deny to the extent inconsistent therewith.

72.     With respect to the allegations contained in Paragraph 86: deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence and Footnote 15; with respect to the second sentence, respectfully refer the Court to Election Law Section 9-209(3)(b) as the best evidence of its contents and meaning and deny to the extent inconsistent therewith.

73.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraphs 87, 88 and 89.

74.     The allegations contained in Paragraph 90 constitute argument to which no response is required; to the extent a response is required, deny.

75.     With respect to the allegations contained in Paragraph 91, respectfully refer the Court to the U.S. Election Assistance Commission data referred to therein as the best evidence of its contents and meaning and deny to the extent inconsistent therewith.

76.     The allegations contained in Paragraph 92 constitute argument to which no response is required; to the extent a response is required, deny.

77.     Deny the allegations contained in Paragraphs 93, 94 and 95.

78.     The allegations contained in Paragraph 96 constitute argument to which no response is required; to the extent a response is required, deny.

79.     With respect to the allegations contained in Paragraph 97, respectfully refer the Court to *N.E. Ohio Coal. for Homeless v. Husted*, 696 F.3d 580, 597 (6th Cir. 2012) as the best evidence of its contents and meaning and deny to the extent inconsistent therewith.

80.     With respect to the allegations contained in Paragraph 98: the first sentence contains argument to which no response is required, and to the extent a response is required, deny; with respect to the second sentence and Footnote 16, respectfully refer the Court to the recited statutes (N.M. Admin Code 1.10.22.9(H)–(N) and Cal. Elec. Code § 14310(a)(3)) as the best evidence of their contents and meaning and deny to the extent inconsistent therewith.

81.     Deny the allegations contained in Paragraph 99.

82.     The allegations contained in Paragraph 100 contain argument to which no response is required; to the extent a response is required, deny.

83.     With respect to the allegations contained in Paragraph 101: deny the allegations contained in the first sentence; with respect to the second sentence and Footnote 17, respectfully

refer the Court to Election Law Section 8-412 and the absentee ballot practices of other jurisdictions (California, Illinois, Alaska, the District of Columbia, Maryland and Ohio) as the best evidence of their contents and meaning and deny to the extent inconsistent therewith.

84. Deny the allegations contained in Paragraphs 102 and 103.

85. The allegations of Paragraph 104 contain argument to which no response is required, and to the extent a response is required, deny; with respect to Footnote 18, respectfully refer the Court to Election Law Section 9-209(3)(b) as the best evidence of its contents and meaning and deny to the extent inconsistent therewith.

86. The allegations contained in Paragraph 105 contain argument to which no response is required; to the extent a response is required, deny.

87. With respect to the allegations contained in Paragraph 106: the allegations contained in the first sentence contain argument to which no response is required and to the extent a response is required, deny; with respect to the second and third sentences, respectfully refer the Court to the Senate Report as the best evidence of its contents and meaning and deny to the extent inconsistent therewith.

88. Deny the allegations contained in Paragraph 107.

89. The allegations contained in Paragraph 108 contain argument to which no response is required; to the extent a response is required, deny.

90. Deny the allegations contained in Paragraph 109.

91. With respect to the allegations contained in Paragraph 110: with respect to the first sentence, respectfully refer the Court to the applicable provisions of the State Election Law as the best evidence of their contents and meaning and deny to the extent inconsistent therewith; deny the allegations contained in the second sentence; the allegations of the third sentence

contains argument to which no response is required, and to the extent a response is required, deny.

92.    Deny the allegations contained in Paragraphs 111, 112 and 113.

93.    In response to Paragraph 114, repeat and reallege their responses to Paragraphs 1 through 113.

94.    With respect to paragraph 115, respectfully refer the Court to the recited case law (*Wesberry v. Sanders*, 376 U.S. 1, 17 (1964); *Reynold v. Sims*, 377 U.S. 533, 554–55 (1964); *see also Harper v. Va. State Bd. of Elections*, 383 U.S. 663, 667 (1966); *Yick Wo v. Hopkins*, 118 U.S. 356, 370 (1886) and *Hoblock v. Albany Cnty. Bd. of Elections*, 487 F. Supp. 2d 90, 98 (N.D.N.Y. 2006)) as the best evidence of its contents and meaning and deny to the extent inconsistent therewith.

95.    With respect to paragraph 116, respectfully refer the Court to *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976) as the best evidence of its contents and meaning and deny to the extent inconsistent therewith.

96.    With respect to paragraph 117, respectfully refer the Court to the recited case law (*N.E. Ohio Coal. for Homeless v. Husted*, 696 F.3d 580, 597 (6th Cir. 2012); *Warf v. Bd. of Elections of Green Cnty., Ky.,* 619 F.3d 553, 559 (6th Cir. 2010); *Griffin v. Burns*, 570 F.2d 1065 (1st Cir. 1978); and *Gallagher v. N.Y. State Bd. Of Elections*, 477 F. Supp. 3d 19, 42–49 (S.D.N.Y. 2020)) as the best evidence of its contents and meaning and deny to the extent inconsistent therewith.

97.    Deny the allegations contained in Paragraphs 118, 119 and 120.

98.    In response to Paragraph 121, repeat and reallege their responses to Paragraphs 1 through 120.

99.     With respect to paragraph 122, respectfully refer the Court to the recited case law (*Burdick v. Takushi*, 504 U.S. 428, 433–44 (1992); *Ill. Bd. of Elections v. Socialist Workers Party*, 440 U.S. 173, 184 (1979); *Anderson v. Celebrezze*, 460 U.S. 780, 789 (1983); *Crawford v. Marion Cnty. Election Bd.*,553 U.S. 181, 191 (2008) (Stevens, J., controlling op.)) as the best evidence of its contents and meaning and deny to the extent inconsistent therewith.

100.     Deny the allegations contained in Paragraphs 123 and 124.

101.     In response to Paragraph 125, repeat and reallege their responses to Paragraphs 1 through 124.

102.     With respect to paragraph 126, respectfully refer the Court to the recited provision of the United States Constitution (Equal Protection Clause, U.S. CONST. amend. XIV, Section 1) as the best evidence of its contents and meaning and deny to the extent inconsistent therewith.

103.      With respect to paragraph 127, respectfully refer the Court to *Bush v. Gore*, 531 U.S. 98, 104-05 (2000) as the best evidence of its contents and meaning and deny to the extent inconsistent therewith.

104.      With respect to paragraph 128, respectfully refer the Court to the recited case law (*Gallagher v. N.Y. State Bd. Of Elections*, 477 F. Supp. 3d 19, 42–49 (S.D.N.Y. 2020) and *Hadley v. Junior Coll. Dist. of Metro. Kan. City*, 397 U.S. 50, 54 (1970)) as the best evidence of its contents and meaning and deny to the extent inconsistent therewith.

105.     Deny the allegations contained in Paragraphs 129, 130 and 131.

106.     In response to Paragraph 132, repeat and reallege their responses to Paragraphs 1 through 131.

107.     With respect to paragraph 133, respectfully refer the Court to 52 U.S.C. § 10101(a)(2)(B) as the best evidence of its contents and meaning and deny to the extent

inconsistent therewith, and with respect to Footnote 19, respectfully refer the Court to the recited case law (*Dekom v. New York*, No. 12-CV-1318 JS ARL, 2013 WL 3095010, at *18 (E.D.N.Y. June 18, 2013) *aff'd*, 583 F. App'x 15 (2d Cir. 2014); *Hayden v. Pataki*, No. 00-CIV-8586 (LMM), 2004 WL 1335921, at *5 (S.D.N.Y. June 14, 2004), *aff'd on other grounds*, 449 F.3d 305 (2d Cir. 2006); and *Schwier v. Cox,* 340 F.3d 1284 (11th Cir. 2003)) as the best evidence of its contents and meaning and deny to the extent inconsistent therewith.

108.    With respect to paragraph 134, respectfully refer the Court to *Schwier v. Cox,* 340 F.3d 1284 (11th Cir. 2003) as the best evidence of its contents and meaning and deny to the extent inconsistent therewith.

109.    With respect to paragraph 135, respectfully refer the Court to 52 U.S.C. § 10101(a)(2)(B) and *Martin v. Crittenden*, 347 F. Supp. 3d 1302, 1308 (N.D. Ga. 2018) as the best evidence of their contents and meaning and deny to the extent inconsistent therewith.

110.    With respect to paragraph 136 and Footnote 20, respectfully refer the Court to Election Law Sections 5-102.1 and 5-102.2 as the best evidence of their contents and meaning and deny to the extent inconsistent therewith.

111.    The allegations contained in Paragraphs 137 and 138 contain argument to which no response is required, and to the extent a response is required, deny.

112.    Deny the allegations contained in Paragraph 139.

113.    Defendants deny that Plaintiff is entitled to any relief in this action. To the extent any allegation asserted in the Complaint has not been responded to above, Defendants deny said allegations.

### DEFENSES

Without assuming the burden of proof on any matters where the burden properly rests on

Plaintiff, Defendants assert the following defenses with respect to the claims that Plaintiff

purport to set forth in the Complaint:

## AS AND FOR A FIRST DEFENSE

114.   This Court lacks subject matter jurisdiction over some or all of the claims

alleged against Defendants. The Complaint is barred by state sovereign immunity and/or the

Eleventh Amendment to the United States Constitution.

## AS AND FOR A SECOND DEFENSE

115.   The claims alleged against Defendants in this action are barred on grounds of

ripeness, mootness, lack of a case and controversy, and/or other justiciability grounds.

## AS AND FOR A THIRD DEFENSE

116.   The Complaint, in whole or in part, fails to state a claim against Defendants for

which relief can be granted.

## AS AND FOR A FOURTH DEFENSE

117.    Plaintiff in this action lacks standing to assert some or all of its alleged claims

against Defendants and/or to seek some or all of the relief sought in the Complaint.

## AS AND FOR A FIFTH DEFENSE

118.   The actions of Defendants did not proximately cause any or all of the

deprivations, losses, harm, or injuries of which Plaintiff in this action complains. The

deprivations, losses, harm, or injuries allegedly sustained by Plaintiff in this action were caused

in whole or in part by the conduct of Plaintiff and/or other agents of Plaintiff and/or one or more

other parties or entities for whose conduct Defendants are not responsible.

## AS AND FOR A SIXTH DEFENSE

119.   Defendants properly performed and discharged all of their obligations under

and in accordance with applicable law.

## AS AND FOR AN SEVENTH DEFENSE

120.   Some or all of the relief requested as against some or all of Defendants is not available under the applicable statutes and causes of action.

## AS AND FOR A EIGHTH DEFENSE

121.   The Complaint fails to allege an adequate basis upon which Plaintiff could recover costs, expenses, and/or attorneys' fees as against Defendants.

## AS AND FOR A NINTH DEFENSE

122.   Plaintiff has failed to name one or more necessary parties as defendants.

## AS AND FOR A TENTH DEFENSE

123.   The alleged conduct was properly within the discretionary authority committed to Defendants to perform their official functions and the relief prayed for would constitute an improper intrusion into said discretionary authority.

## AS AND FOR AN ELEVENTH DEFENSE

124.   All of the decisions made by Defendants and actions taken by Defendants were made or taken for legitimate, non-discriminatory reasons.

## AS AND FOR A TWELFTH DEFENSE

125.   The Complaint must be dismissed, in whole or in part, because some or all of the claims fail to present a redressable injury.

## AS AND FOR A THIRTEENTH DEFENSE

126.   The Complaint must be dismissed, in whole or in part, because with respect to some or all of the claims asserted, the statutes relied upon do not give rise to a private right of action.

WHEREFORE, Defendants respectfully request that this Court dismiss the Complaint in its entirety and grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 1, 2022

Respectfully submitted,

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendants*
By:
_____/s/_____
SETH J. FARBER
Special Litigation Counsel
28 Liberty Street
New York, New York 10005
(212) 416-8029
Seth.farber@ag.ny.gov