UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DCCC,
        Plaintiff,

v.

PETER S. KOSINSKI, in his official capacity as Co-Chair of the State Board of Elections; DOUGLAS A. KELLNER, in his official capacity as Co-Chair of the State Board of Elections; ANDREW J. SPANO, in his official capacity as Commissioner of the State Board of Elections; TODD D. VALENTINE, in his official capacity as Co-Executive Director of the State Board of Elections; and KRISTEN ZEBROWSKI-STAVISKY, in her official capacity as Co-Executive Director of the State Board of Elections,
        Defendants,

and

REPUBLICAN NATIONAL COMMITTEE, NATIONAL REPUBLICAN CONGRESSIONAL COMMITTEE, and NEW YORK REPUBLICAN STATE COMMITTEE,
        [Proposed] Intervenor-Defendants.

Case No. 1:22-cv-1029-RA

**[PROPOSED] ANSWER OF [PROPOSED] INTERVENOR-DEFENDANTS**

      Intervenors—the Republican National Committee, National Republican Congressional Committee, and the New York Republican State Committee—now answer Plaintiff's complaint (Doc. 1). Unless expressly admitted below, every allegation in the complaint is denied. When Intervenors say something "speaks for itself," they mean that they lack sufficient information to admit or deny the allegation. Because Plaintiff often cites nothing, Intervenors do not know whether the referenced factual material exists, is accurate, or is placed in proper context. Accordingly, Intervenors state:

      1.     The Committee Report speaks for itself. Intervenors lack sufficient information to admit or deny the remaining allegations.

2. These legal arguments require no response.

3. The legal arguments require no response. Intervenors lack sufficient information to admit or deny the remaining allegations.

4. The legal arguments require no response. Intervenors lack sufficient information to admit or deny the remaining allegations.

5. The legal arguments require no response. Intervenors lack sufficient information to admit or deny the remaining allegations.

6. Intervenors lack sufficient information to admit or deny these allegations.

7 The legal arguments require no response. Intervenors deny that anyone is "disenfranchised" by a law that requires non-postmarked ballots to arrive within one day of the election. Intervenors lack sufficient information to admit or deny the remaining allegations.

8. The legal arguments require no response. Intervenors deny that enforcing rules that help confirm voters' identities and protect ballot secrecy is arbitrary or trivial. Intervenors lack sufficient information to admit or deny the remaining allegations.

9. Intervenors lack sufficient information to admit or deny these allegations.

10. The Report speaks for itself. Intervenors lack sufficient information to admit or deny these allegations.

11. These legal arguments require no response.

12. Intervenors deny that Plaintiff is entitled to any relief.

13. Intervenors admit that Plaintiff has a cause of action buy deny that Plaintiff has a viable claim on the merits.

14. Admitted.

15. Admitted.

16. Admitted.

17. The first two sentences are admitted. Intervenors lack sufficient information to admit or deny the remaining allegations.

18. Intervenors lack sufficient information to admit or deny these allegations.

19. Intervenors lack sufficient information to admit or deny these allegations.

20. Intervenors lack sufficient information to admit or deny these allegations.

21. Admitted that Defendants are members of the New York State Board of Elections sued in their official capacity. The remaining allegations are legal arguments that require no response.

22. These legal arguments require no response.

23. The Report speaks for itself; Intervenors otherwise lack sufficient information to admit or deny these allegations.

24. This legal argument requires no response.

25. Intervenors lack sufficient information to admit or deny these allegations.

26. These legal arguments require no response.

27. These legal arguments require no response.

28. Intervenors lack sufficient information to admit or deny these allegations.

29. The legal arguments require no response. Intervenors lack sufficient information to admit or deny the remaining allegations.

30. Intervenors lack sufficient information to admit or deny these allegations.

31. Intervenors lack sufficient information to admit or deny these allegations.

32. The legal arguments require no response. Intervenors lack sufficient information to admit or deny the remaining allegations.

33. The legal arguments require no response. Intervenors lack sufficient information to admit or deny the remaining allegations.

34. Intervenors lack sufficient information to admit or deny these allegations. The cited report speaks for itself.

35. Intervenors lack sufficient information to admit or deny these allegations.

36. Intervenors lack sufficient information to admit or deny these allegations.

37. These legal arguments require no response.

38. The Report speaks for itself. Intervenors otherwise lack sufficient information to admit or deny these allegations.

39. These legal arguments require no response.

40. These legal arguments require no response.

41. Intervenors lack sufficient information to admit or deny these allegations.

42. The website speaks for itself. Intervenors lack sufficient information to admit or deny the remaining allegations.

43. The quoted statements speak for themselves. Intervenors lack sufficient information to admit or deny these allegations.

44. The legal arguments require no response. Intervenors lack sufficient information to admit or deny the remaining allegations.

45. Intervenors lack sufficient information to admit or deny these allegations.

46. Intervenors lack sufficient information to admit or deny these allegations. The Report speaks for itself.

47. Intervenors lack sufficient information to admit or deny these allegations.

48. These legal arguments require no response.

49. These legal arguments require no response.

50. Intervenors lack sufficient information to admit or deny these allegations.

51. Intervenors lack sufficient information to admit or deny these allegations.

52. These legal arguments require no response.

53. Denied.

54. Intervenors lack sufficient information to admit or deny these allegations.

55. Intervenors lack sufficient information to admit or deny these allegations.

56. Intervenors lack sufficient information to admit or deny these allegations.

57. The legal documents speak for themselves and require no response.

58. Intervenors lack sufficient information to admit or deny these allegations.

59. The press release speaks for itself.

60. The cited news article speaks for itself.

61. Intervenors lack sufficient information to admit or deny these allegations.

62. Intervenors lack sufficient information to admit or deny these allegations. To the extent this allegation makes a legal argument, it requires no response.

63. New York Election Law speaks for itself. Intervenors lack sufficient information to admit or deny the remaining allegations.

64. Denied.

65. These legal arguments require no response.

66. Intervenors deny that individuals who wait until the last minute to return their mail ballots are "disenfranchised" by postmarking errors. Intervenors lack sufficient information to admit or deny the remaining allegations.

67. Intervenors lack sufficient information to admit or deny these allegations.

68. New York Election Law speaks for itself. Intervenors lack sufficient information to admit or deny the remaining allegations.

69. Intervenors lack sufficient information to admit or deny these allegations.

70. The Report speaks for itself.

71. New York Election Law speaks for itself. Intervenors lack sufficient information to admit or deny the remaining allegations.

72. Intervenors lack sufficient information to admit or deny these allegations.

73. Intervenors lack sufficient information to admit or deny these allegations.

74. Intervenors lack sufficient information to admit or deny these allegations.

75. Intervenors lack sufficient information to admit or deny these allegations.

76. The legal documents speak for themselves.

77. The legislation cited speaks for itself.

78. The legislation cited speaks for itself.

79. The legislation cited speaks for itself.

80. The legislation cited speaks for itself.

81. The legislation cited speaks for itself.

82. The legislation cited speaks for itself.

83. The legislation cited speaks for itself.

84. Intervenors lack sufficient information to admit or deny these allegations.

85. The *Tenney* ruling speaks for itself. Intervenors lack sufficient information to admit or deny these allegations.

86. Intervenors lack sufficient information to admit or deny these allegations.

87. The legal arguments require no response. Intervenors lack sufficient information to admit or deny the remaining allegations.

88. Intervenors lack sufficient information to admit or deny these allegations.

89. Intervenors lack sufficient information to admit or deny these allegations.

90. Intervenors lack sufficient information to admit or deny these allegations.

91. Intervenors lack sufficient information to admit or deny these allegations.

92. Intervenors lack sufficient information to admit or deny these allegations.

93. Denied to the extent Plaintiff is challenging the constitutionality of New York's existing statutes.

94. Denied to the extent Plaintiff is challenging the constitutionality of New York's existing statutes.

95. These legal arguments require no response.

96. These legal arguments require no response.

97. These legal arguments require no response.

98. These legal arguments require no response.

99. These legal arguments require no response.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied to the extent Plaintiff is challenging the constitutionality of New York's existing statutes.

106. Denied to the extent Plaintiff is challenging the constitutionality of New York's existing statutes.

107. Denied.

108. Denied to the extent Plaintiff is challenging the constitutionality of New York's existing statutes.

109. Denied.

110. These legal arguments require no response.

111. Denied.

112. Denied to the extent Plaintiff is challenging the constitutionality of New York's existing statutes.

113. Denied to the extent Plaintiff is challenging the constitutionality of New York's existing statutes.

## CLAIMS FOR RELIEF

## COUNT I

**(Denial of Due Process in Violation of the 14th Amendment; 42 U.S.C. §1983)**

114. Intervenors repeat and reallege their prior responses.

115. These legal arguments require no response.

116. These legal arguments require no response.

117. These legal arguments require no response.

118. Denied to the extent Plaintiff is challenging the constitutionality of New York's existing statutes.

119. Denied to the extent Plaintiff is challenging the constitutionality of New York's existing statutes.

120. Denied to the extent Plaintiff is challenging the constitutionality of New York's existing statutes.

## COUNT II

**(Undue Burden on the Right to Vote in Violation of the First and Fourteenth Amendments; 42 U.S.C. §1983)**

121. Intervenors repeat and reallege their prior responses.

122. These legal arguments require no response.

123. Denied to the extent Plaintiff is challenging the constitutionality of New York's existing statutes.

124. Denied to the extent Plaintiff is challenging the constitutionality of New York's existing statutes.

## COUNT III

### (Disparate Treatment in Violation of the Right to Equal Protection under the Fourteenth Amendment; 42 U.S.C. §1983)

125. Intervenors repeat and reallege their prior responses.

126. These legal arguments require no response.

127. These legal arguments require no response.

128. These legal arguments require no response.

129. Denied to the extent Plaintiff is challenging the constitutionality of New York's existing statutes.

130. Denied to the extent Plaintiff is challenging the constitutionality of New York's existing statutes.

131. Denied to the extent Plaintiff is challenging the constitutionality of New York's existing statutes.

## COUNT IV

### (Rejection of Ballots for Immaterial Defects in Violation of 52 U.S.C. §10101)

132. Intervenors repeat and reallege their prior responses.

133. These legal arguments require no response.

134. These legal arguments require no response.

135. These legal arguments require no response.

136. These legal arguments require no response.

137. Denied to the extent Plaintiff is challenging the legality of New York's existing statutes.

138. Denied to the extent Plaintiff is challenging the legality of New York's existing statutes.

139. Denied to the extent Plaintiff is challenging the legality of New York's existing statutes.

## RESPONSE TO PRAYER FOR RELIEF

Intervenors deny that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

1. To the extent they challenge New York's existing statutes, the allegations in the complaint fail to state a claim.

2. Plaintiff's requested relief is barred by laches.

3. Plaintiff's requested relief is barred by unclean hands.

4. Plaintiff's requested relief is barred by the *Purcell* principle.

Respectfully submitted,

Dated: March 31, 2022  *s/ Paul DerOhannesian II*

Tyler Green*
Cameron T. Norris*
James P. McGlone*
CONSOVOY MCCARTHY PARK PLLC
3033 Wilson Blvd., Ste. 700
Arlington, VA 22201
(703) 243-9423
tyler@consovoymccarthy.com
cam@consovoymccarthy.com
jim@consovoymccarthy.com
*pro hac vice forthcoming

Paul DerOhannesian II (PD0523)
DEROHANNESIAN & DEROHANNESIAN
159 Wolf Road, Suite 305
Albany, NY 12207
(518) 465-6420
Fax: (518) 427-0614
paul@derolaw.com

*Counsel for RNC, NRCC, and NYGOP*