UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DCCC,<br>     Plaintiff,<br> v.<br><br>PETER S. KOSINSKI, in his official capacity as Co-Chair of the State Board of Elections; DOUGLAS A. KELLNER, in his official capacity as Co-Chair of the State Board of Elections; ANDREW J. SPANO, in his official capacity as Commissioner of the State Board of Elections; ANTHONY J. CASALE, in his official capacity as Commissioner of the State Board of Elections; TODD D. VALENTINE, in his official capacity as Co-Executive Director of the State Board of Elections; and KRISTEN ZEBROWSKI-STAVISKY, in her official capacity as Co-Executive Director of the State Board of Elections,<br><br>     Defendants,<br>and<br><br>REPUBLICAN NATIONAL COMMITTEE, NATIONAL REPUBLICAN CONGRESSIONAL COMMITTEE, and NEW YORK REPUBLICAN STATE COMMITTEE,<br>     Intervenor-Defendants. | No. 1:22-cv-01029 (RA) |

## **JOINT CONFIDENTIALITY STIPULATION AND ~~PROPOSED~~ ORDER**

WHEREAS, the Parties in this matter are engaged in discovery and anticipate exchanging documents, testimony, and information that may be confidential;

WHEREAS, the Parties agree that there is a need to protect the confidentiality of certain documents, testimony, and information;

WHEREAS, the Parties wish to facilitate discovery while also ensuring that the confidentiality of certain documents, testimony, and information remains protected; and

WHEREAS, good cause therefore exists for the entry of a protective order of

1

confidentiality pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

IT IS HEREBY STIPULATED AND AGREED, by and among the Parties through their undersigned attorneys, as follows:

1. "Confidential Information" shall mean all documents,[1] testimony, and information designated in good faith by counsel for any Party as "Confidential" because it contains confidential information or trade secrets, the disclosure of which to any person beyond those designated herein is likely to cause harm to the Producing Party.

2. "Attorneys' Eyes Only" information shall mean all documents, testimony, and information designated in good faith by counsel for any Party as "Confidential – AEO" or "Confidential – Attorneys' Eyes Only." For purposes of this order, the Attorneys' Eyes Only designation shall be reserved for information that is believed to be unknown to the opposing party or parties, or any of the employees of a corporate party, and is highly confidential, the disclosure of which any person beyond the parties' counsel, is likely to cause irreparable harm to the Producing Party. Such information may include, but is not limited to, nonpublic financial or strategic information, sensitive personal information, certain study methodologies, and voter identification data.

3. All documents, testimony, and information produced or made available during discovery in this action, whether or not containing or constituting Confidential Information or Attorneys' Eyes Only information, shall be used or disclosed by the receiving party solely for the prosecution or defense of the claims in this action or the prosecution or defense of any appeals in this action and shall not be used for any other purpose, unless such information is already available

---

[1] "Documents" shall encompass physical or electronically stored files as defined in Fed. R. Civ. P. 34(a).

in the public record.

4. All documents, testimony, and information that the producing party believes in good faith contains or constitutes Confidential Information or Attorneys' Eyes Only information may be marked or designated as "Confidential" or "Confidential – AEO," respectively, by a notation on the document or a statement on the record in the deposition. A Party may also designate as Confidential subject to this Stipulation any document, information, testimony, or other material produced or given by any non-party in this action, or any portion thereof. A Confidential designation by one Party shall not be deemed an acknowledgment of confidentiality by any other Party, except for purposes of this Stipulation. Each Party reserves the right to make an application to the Court on notice challenging a designation of confidentiality of any document or information in whole or part.

5. Unless ordered by the Court, or agreed to by the Parties in writing, Confidential Information shall not be disclosed to anyone by the receiving party, except to the following persons ("Designated Persons"), and as provided in this Stipulation:

    a. The Parties;

    b. Retained counsel, in-house counsel, or *pro bono* counsel in this action, including their associated attorneys, paralegals, and other professional personnel who are assisting such counsel in the preparation of this action for trial or other proceeding herein;

    c. Expert witnesses or consultants specially retained by the Parties or their counsel to assist in the preparation of this action for trial or other proceeding herein;

    d. Any mediator or arbitrator that the Parties engage in this action or that the Court appoints in this action;

    e. Non-party deponents or witnesses to be called at hearing and/or trial in this

action;

      f.      Court reporters at deposition and trial or in connection with any hearing in this action;

      g.      The Judge, Magistrate Judge, and jurors in this action and all Court personnel, as well as appropriate appellate courts and their personnel; and

      h.      Any other person that the producing party agrees to in writing may receive such information.

6.      Prior to the first disclosure of Confidential Information to any of the Designated Persons identified in paragraphs 5(a), 5(b), 5(c), 5(e), and 5(h), the counsel making the disclosure must inform the person that the document, testimony, or information is confidential in nature and, accordingly, that the disclosure of such document, testimony, or information is prohibited.

7.      Each of the Designated Persons identified in paragraphs 5(c), 5(e), and 5(h) to whom access to Confidential Information is permitted and/or disclosure of Confidential Information is made, prior to such access or disclosure, shall first be provided with a copy of this Stipulation and execute an acknowledgment in the form of Exhibit A as annexed hereto. The Parties shall maintain copies of such executed acknowledgments, which they may be required to produce in the course of discovery and/or file with the Court at the Court's direction. If any such person fails or refuses to agree in writing to comply with the terms of this Stipulation, disclosure of Confidential Information shall not be permitted to that person at that time. Any Party may then seek relief from the Court as to, among other things, whether such person is one to whom such Confidential Information should be disclosed.

8.      Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of Confidential Information to additional persons or entities

4

if reasonably necessary to prepare and present this Action, and (b) to apply for additional protection of designated material.

9.  There shall be no disclosure of any Confidential Information by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities. In the event that a Receiving Party learns of an improper disclosure of Confidential Information, the Receiving Party shall immediately alert the Producing Party and take appropriate steps to remedy the improper disclosure and secure the return and/or destruction of such designated material as provided in this Stipulation.

10. Nothing herein shall preclude the Parties from using any Confidential Information in depositions or in Court in this action, including any appeals, or from including or attaching any such Confidential Information to any pleading, motion, or filings in the action. If a Party intends to use Confidential Information in any document filed with the Court, such document shall either be: (a) filed under seal following this Court's procedures for filing documents under seal, or (b) redacted to remove references to the Confidential Information. The Confidential Information shall not be filed until the Court renders a decision on the motion to seal. Denial of leave to file documents under seal does not remove the designation of Confidential Information.

11. A confidentiality designation may be made at any time. Inadvertent failure to designate such information shall not be construed as a waiver, in whole or in part, of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Confidential or Attorneys' Eyes-Only Information without designating it may request destruction of those materials by notifying the Receiving Party(ies), as soon as reasonably possible after the Producing

Party becomes aware of the inadvertent or unintentional disclosure, and providing properly designated replacement materials. The Receiving Party(ies) shall then destroy all copies of the inadvertently or unintentionally produced protected materials and any documents, information or material derived from or based thereon.

12. Parties may, at a deposition or within fifteen (15) days after receipt of a deposition transcript, designate the deposition transcript, or any portion thereof, as "Confidential" or "Confidential – AEO" pursuant to this Stipulation. Access to the deposition transcript so designated (along with all exhibits so designated) shall be limited in accordance with the terms of this Stipulation. Until expiration of the 15-day period, the entire deposition transcript shall be treated as "Confidential – AEO."

13. In the event the Receiving Party disputes the Producing Party's designation of Confidential Information or Attorney Eyes Only information, the Receiving Party shall notify the Producing Party of the dispute in writing within 21 days after receiving the material at issue, and identify with specificity the document, testimony, information or portion thereof believed to have been incorrectly designated. The Parties shall meet and confer to determine whether the restrictions imposed by this Stipulation are warranted with respect to such designation. If resolution of the dispute cannot be reached, and within 14 days of the meet and confer, either the Producing Party or the Receiving Party may apply to the Court for an appropriate determination. In any dispute, the Producing Party shall bear the burden to show that such designation is proper. Documents, information, or testimony designated as Confidential shall remain as such during the pendency of such dispute or application, and until the Court may rule otherwise.

14. Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing

party and has been unable to resolve the matter by agreement after a good faith effort to do so may move the Court for such relief as may be appropriate in the circumstances. All Parties are deemed to have consented to a request for expedited treatment of any motion filed with the Court pursuant to this paragraph.

15. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Stipulation and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

16. Nothing in this Stipulation constitutes an admission by any Party that the Confidential Information or Attorneys' Eyes Only information disclosed in this action is relevant or admissible. Each Party reserves the right to object to the use of such information.

17. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other confidential information, then such Third Parties may agree to be bound by this Stipulation and avail themselves of the protections provided by this Stipulation. Third Parties may designate as "Confidential" or "Confidential – AEO" any documents, information or other material, in whole or in part, produced or given by such Third Parties. Such designation shall be made by the Third Party at the time of production.

18. Notwithstanding the protections of this Stipulation, some Protected Material may be so personally or commercially sensitive as to require additional restrictions or limitations on its

dissemination or use, including—for example—the redaction of certain PII from Protected Materials produced in this action. Nothing in this Stipulation shall preclude counsel for the Parties from agreeing to additional restrictions on the use of certain unique Protected Material or, if unable to agree, from seeking such additional restrictions from the Court.

19. Nothing in this Stipulation shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, or forfeiture of any such privilege, doctrine, or immunity in this or any other action. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall, upon request, gather and return all copies of such documents, information or other material to the Producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which shall instead be destroyed and certified as such to the Producing Party.

20. This Stipulation applies to pretrial discovery. Nothing in this Stipulation shall be deemed to prevent the Parties from introducing any designated material into evidence at the trial of this Action, or from using any information contained in designated material at the trial of this Action, where the Party's use of such material is reasonably necessary to prosecute the case, and

subject to any pretrial order issued by this Court. The Parties reserve the right to, upon motion, seek to exclude any designated material from evidence.

21. If any Party is served with any subpoena or other request for the production of Confidential Information or Attorneys' Eyes Only information produced by another Party in connection with any proceeding before any court or other judicial, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give written notice thereof to each Producing Party who has produced such designated material (directly or through the Producing Party's Counsel), and shall provide each Producing Party with an opportunity to move for a protective order regarding the request for the production of the designated materials. If a Producing Party does not take steps to prevent disclosure of such documents within fourteen (14) days of the date written notice is given, the Party to whom the subpoena or other request is directed may produce such documents in response thereto. The Party to whom the subpoena or other request is directed also may produce such documents as required to comply with any legal duty or obligation imposed by the court or other judicial, arbitral, administrative, or legislative body.

22. Production of Confidential Information or Attorneys' Eyes Only information by the Parties shall not be deemed a publication of the material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the material or its contents.

23. Nothing in this Stipulation shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

24.     This Stipulation shall continue to be binding after the conclusion of this action. Within 30 days after the termination of this action, including any appeals, the Parties or counsel for the Parties shall, at the Producing Party's election, either: (a) return all Confidential Information and Attorneys' Eyes Only information (including any and all copies, notes, excerpts or extracts, summaries, and other materials containing or referring to information derived therefrom) to the producing Party; or (b) produce an affidavit verifying that all Confidential Information and Attorneys' Eyes Only information disclosed in this action has been destroyed and that they no longer possess the such information, in any form.  However, Counsel for a Receiving Party may retain file copies of any pleading, transcript (for each deposition, hearing, and trial), admitted trial exhibits, discovery responses, and any exhibits thereto, and attorney work product, regardless of whether it includes or describes designated material.  This Court retains and shall have continuing jurisdiction over the Parties and recipients of the designated material for enforcement of the provisions of this Stipulation, even following termination of this litigation.

25.     No material may be designated as Confidential Information if it is (a) already a public document or public information; or (b) is required by law to be a public document or public information.

26.     Nothing in this Stipulation, including but not limited to, any designation of materials as Confidential Information, shall limit counsels' contact with persons identified in such materials.

27.     Nothing in this Stipulation will affect the rights of any Party with respect to its own documents or information produced in this action.

28.     Upon its execution by counsel for all Parties, this Stipulation shall be submitted to the Court to be so-ordered; provided, however, that the provisions of this Stipulation shall become

effective immediately upon its execution by counsel for all Parties and shall remain binding upon the Parties in the event the Court does not so-order this Stipulation.

29. Any Party may propose modifications to this Stipulation by further agreement of counsel if circumstances warrant or, for good cause shown, may seek to modify this Stipulation upon motion made to the Court.

30. Nothing herein shall negate or obviate any requirement or obligation of confidentiality independent of this Stipulation.

**SO STIPULATED AND AGREED TO:**

| | |
|---|---|
| /s/ Aria C. Branch<br>Marc E. Elias*<br>Aria Branch*<br>Haley Costello Essig**<br>Joshua L. Harris*<br>Daniela Lorenzo<br>**ELIAS LAW GROUP LLP**<br>10 G Street NE, Suite 600<br>Washington, DC 20002<br><br>Andrew G. Celli, Jr.<br>Nairuby L. Beckles<br>**EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP**<br>600 Fifth Avenue, 10th Floor<br>New York, New York 10020<br><br>*Counsel for Plaintiff*<br><br>*Admitted Pro Hac Vice<br>** Pro Hac Vice Forthcoming | /s/ Seth J. Farber<br>Letitia James<br>Attorney General for the State of New York<br><br>Seth J. Farber<br>Special Litigation Counsel<br>28 Liberty Street<br>New York, New York 10005<br><br>*Counsel for Defendants*<br><br>/s/ Cameron T. Norris<br>Paul DerOhannesian II (PD0523)<br>**DEROHANNESIAN & DEROHANNESIAN**<br>159 Wolf Road, Suite 305 Albany, NY 12207<br>(518) 465-6420<br>Fax: (518) 427-0614<br>paul@derolaw.com<br><br>James P. McGlone<br>Tyler Green (pro hac vice forthcoming)<br>Cameron T. Norris (pro hac vice)<br>James P. McGlone (pro hac vice)<br>**CONSOVOY MCCARTHY PLLC**<br>1600 Wilson Blvd., Ste. 700<br>Arlington, VA 22201 (703) 243-9423<br>tyler@consovoymccarthy.com<br>cam@consovoymccarthy.com |

11

|  | jim@consovoymccarthy.com |
|  | *Counsel for Intervenor-Defendants* |

**SO ORDERED:**

Dated: June 10, 2022
       New York, New York

_____
Hon. Ronnie Abrams
United States District Judge

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DCCC,<br><br>    Plaintiff,<br> v.<br><br>PETER S. KOSINSKI, in his official capacity as Co-Chair of the State Board of Elections; DOUGLAS A. KELLNER, in his official capacity as Co-Chair of the State Board of Elections; ANDREW J. SPANO, in his official capacity as Commissioner of the State Board of Elections; ANTHONY J. CASALE, in his official capacity as Commissioner of the State Board of Elections; TODD D. VALENTINE, in his official capacity as Co-Executive Director of the State Board of Elections; and KRISTEN ZEBROWSKI-STAVISKY, in her official capacity as Co-Executive Director of the State Board of Elections,<br><br>    Defendants,<br>and<br><br>REPUBLICAN NATIONAL COMMITTEE, NATIONAL REPUBLICAN CONGRESSIONAL COMMITTEE, and NEW YORK REPUBLICAN STATE COMMITTEE,<br>    Intervenor-Defendants. | No. 1:22-cv-01029 (RA) |

**AGREEMENT TO RESPECT CONFIDENTIAL INFORMATION**

   I hereby certify that I have received a copy of the Confidentiality Stipulation and Protective Order in the above-captioned action (the "Stipulation"), and that I have carefully read and understand the contents of the Stipulation. I hereby agree to comply with all of the terms, conditions, restrictions and procedures regarding the use and disclosure of Confidential Information as set forth in the Stipulation. I understand that the disclosure to me of Confidential Information is conditioned upon my agreement to comply with the provisions of the Stipulation,

13

and that my failure to so comply may constitute a contempt of the Court. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulation.

                Signature: _____

                Print Name: _____

                Date: _____